UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **JOSE CARABALLO GARCIA** <br> *Plaintiff,* <br><br> v. <br><br> **GANDARA MENTAL HEALTH CENTER, INC., JACQUELYNE CAEZ, and JOHN DOE** <br> *Defendants.* | ) <br> ) <br> ) <br> ) **CIVIL ACTION NO. 3:25-CV-30118** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Jose Caraballo Garcia, by and through his attorneys, Laura D. Mangini, Esq. and Alex J. Grant, Esq., and sues the Defendants, Gandara Mental Health Center, Inc., Jacquelyne Caez, and John Doe, and alleges avers, and states as follows:

### JURISDICTION & VENUE

1. This federal district court has jurisdiction over this cause, because this action alleges various violations of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq. and thus arises "under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), because the Defendants reside in Massachusetts and because "a substantial part of the events or omissions giving rise to the claim occurred" in this district, or "a substantial part of property that is the subject of the action is situated in this district."

### PARTIES

3. The Plaintiff, Jose Caraballo Garcia, is an individual residing in Springfield, Hampden County, Commonwealth of Massachusetts.

4. The Defendant, Gandara Mental Health Center, Inc. ("Gandara") is a nonprofit corporation with a principal place of business located at 933 East Columbus Avenue, Springfield, Hampden County, Commonwealth of Massachusetts.

5. The Defendant, Jacquelyne Caez, is an individual residing at 175 Brittany Road, Indian Orchard, Hampden County, Commonwealth of Massachusetts. At all times relevant hereto, Defendant, Jacquelyne Caez, was an employee of Defendant, Gandara, acting within the course and scope of her employment.

6. The Defendant, John Doe, was at all times relevant hereto, an employee of Defendant, Gandara, and was in charge of Defendant, Jacquelyne Caez, hiring, retention, supervision, and training.

## FACTS

7. At all times relevant hereto, Jose Caraballo Garcia suffered from bipolar disorder, opioid use disorders, post-traumatic stress disorder, and mixed obsessional thoughts and acts. Many of these struggles stemmed from childhood sexual abuse.

8. Defendant, Gandara is a non-profit organization. Gandara's mission is to promote the well-being of Hispanics, African Americans and other culturally diverse populations through innovative, culturally competent behavioral health, prevention, and educational services.

9. Defendant, Gandara is committed to providing the highest quality services as demonstrated by performance outcomes, client satisfactions, and cost effectiveness.

10. As part of its Substance Use & Recovery Program, Defendant, Gandara, provides long-term residential treatment for men, women, and young adults with substance use disorder and co-occurring mental health disorders.

11. Gandara's housing units were located throughout the greater Springfield area, including 33 Arch Street, Springfield, Massachusetts, and 114 Calhoun Street, Springfield, Massachusetts.

12. Each housing unit is managed by a Program Director.

13. Program Directors are responsible for management and oversight of each individual house. They have the authority to promote residents to "house leaders" and to advocate to remove residents from a house. Program Directors are also responsible for encouraging continuing education, college courses, training, and certifications.

14. In or around 2017, the Plaintiff, Jose Caraballo Garcia, moved into the 33 Arch Street property.

15. While living at the property, Plaintiff, Jose Caraballo Garcia, become acquainted with Defendant, Jacquelyne Caez.

16. Defendant, Jacquelyne Caez, provided Plaintiff, Jose Caraballo Garcia, with All Inclusive Support Services ("AISS"), including clothing and gift cards.

17. Defendant, Jacquelyne Caez, also assisted Plaintiff, Jose Caraballo Garcia, with obtaining class certifications which allowed him to hold various positions.

18. Other members of 33 Arch Street would comment that Defendant, Jacquelyne Caez was showing preferential treatment to Plaintiff, Jose Caraballo Garcia.

19. In or around 2020, Plaintiff, Jose Caraballo Garcia moved to 114 Calhoun Street (also known as Miracle House).

20. When Plaintiff initially moved to Miracle House, Albert Munioz served as the Director.

21. Munioz appointed Plaintiff as House Leader. As House Leader, Plaintiff received a bi-weekly stipend.

22. Sometime around the end of 2020/beginning of 2021, Defendant, Jacquelyne Caez, was sent to Miracle House to replace Munioz, who was demoted to counselor.

23. As Program Director, Defendant, Jacquelyne Caez, required Plaintiff to meet with her multiple times a week in his role as House Leader.

24. Defendant, Jacquelyne Caez, began to send Plaintiff flirtatious text messages, in which she would refer to Plaintiff as "her love."

25. Defendant, Jacquelyne Caez, began forcing Plaintiff to hug her before she left. When he would attempt to pull away, Defendant would attempt to kiss him.

26. When Plaintiff asked Defendant, Jacquelyne Caez, why she initiated a kiss when she knew Plaintiff was married, she would tell him that he must be gay.

27. At least one resident of Miracle House witnessed Defendant, Jacquelyne Caez, inappropriately hugging Plaintiff, and kissing him on the neck.

28. Defendant, Jacquelyne Caez, would force Plaintiff to meet with her in her office, with the door locked.

29. In one meeting, Defendant, Jacquelyne Caez told Plaintiff: "I should have told you this a long time ago, but I really like you."

30. In a subsequent meeting, Defendant, Jacquelyne Caez, sat in Plaintiff's lap. She pulled down the straps of her dress, exposing her chest to Plaintiff.

31. Defendant, Jacquelyne Caez, began kissing Plaintiff and removed his belt.

32. Defendant, Jacquelyne Caez, grabbed Plaintiff's hand, and placed it inside her underwear, while she simultaneously began touching his genitals.

33. After the incident, Plaintiff was visibly upset. He returned to his room shaking and crying.

34. Similar incidents occurred approximately ten (10) times.

35. On other occasions, if Plaintiff did not answer Defendant Jacquelyne Caez's texts or phone calls, she would use a master key to enter his locked room and engage in sexual contact with him.

36. When Plaintiff began to pull away from Defendant, Jacquelyne Caez, she threatened that he would lose his Section 8 benefits if he didn't do what she said.

37. Defendant, Jacquelyne Caez, also threatened to remove Plaintiff as House Leader, which was a paid position.

38. The requests and demands for sexual favors from Defendant Jacquelyne Caez toward Plaintiff were unwelcome.

39. At all times relevant hereto, Defendant John Doe was a supervisory employee of Defendant Gandara, and he was responsible for the hiring, retention, supervision, and training of Gandara employees, including but not limited to, Defendant, Jacquelyne Caez.

40. The requests and demands for sexual favors from Defendant Jacquelyne Caez were directed toward Plaintiff under circumstances where Plaintiff's capacity to consent was diminished due to Plaintiff's mental condition, a condition that Defendants Jacquelyne Caez and Gandara knew or should have known about.

41. Upon information and belief, Defendants, Gandara and John Doe knew, or should have known, Defendant Jacquelyne Caez was unfit and unqualified to oversee at-risk individuals suffering from mental health and substance abuse disorders.

42. Specifically, prior to Plaintiff's tenancy at the Arch Street residence, Defendant, Jacquelyne Caez, began dating another tenant of the Arch Street program while she was employed by Gandara. Caez was married to the individual when she began abusing her power and authority over Plaintiff.

43. Upon information and belief, at all times relevant hereto, Defendants, Gandara and John Doe, knew, or should have known Defendant, Jacquelyne was abusing her position of power, and engaging in an inappropriate and sexual relationship with Jose Caraballo Garcia, while in the course and scope of her employment with Gandara.

44. Defendant Jacquelyne Caez conditioned, implicitly and explicitly, Plaintiff's access to Gandara's housing facilities and services, and the terms and conditions under which he could access or enjoy Gandara's housing facilities and services, upon Plaintiff's acquiescence to Defendant Jacquelyne Caez's requests and demands for sexual favors from Plaintiff.

45. As a result of Defendants' tortious conduct, Jose Caraballo Garcia experienced an exacerbation of his mental health symptoms. He also suffered physical symptoms

4

including suicidal ideation, difficulty sleeping, uncontrollable crying, and loss of appetite.

46. On or about September 1, 2023 and as a result of Defendants' tortious conduct, Jose Caraballo Garcia left Miracle House because the housing conditions were harmful to his mental health.

## COUNT I
## Jose Caraballo Garcia v. Gandara Mental Health Center, Inc.,
*Negligence*

47. The Plaintiff, Jose Caraballo-Garcia, restates and realleges the statements contained in paragraphs 1 through 46 of the Plaintiff's Complaint and incorporates them by reference.

48. The Defendant, Gandara Mental Health Center, Inc., owed a duty to its clients, including Plaintiff, Jose Caraballo-Garcia to provide services which would aid clients in their recovery, and which would not cause clients to experience greater physical and emotional harm.

49. The Defendant, Gandara Mental Health Center, Inc., breached that duty by committing the following negligent acts and omissions including but not limited to:

    a. Negligently hiring unfit and dangerous employees;

    b. Negligently failing to train its employees;

    c. Negligently failing to supervise its employees;

    d. Failing to implement policies and procedures to ensure employees are not abusing their position of authority and power over clients;

    e. Failing to implement policies and procedures to ensure employees are not engaged in inappropriate sexual relationships with clients;

    f. Negligently failing to provide a safe environment to patients entrusted to its care;

    g. Negligently failing to provide properly trained staff members;

    h. Such other negligent and improper actions as may be discovered in the further investigation and pre-trial discovery of this claim.

50. As a direct and proximate result of Defendant, Gandara Mental Health Center, Inc.'s negligence, Plaintiff, Jose Caraballo Garcia suffered physical injury and emotional distress injuries.

51. The injuries outlined herein were caused by the negligence of Defendant, Gandara Mental Health Center, Inc. with the negligence and other tortious conduct of other Defendants further alleged throughout this Complaint.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia prays for judgment against the Defendant, Gandara Mental Health Center, Inc., in a reasonable amount, together with interest, costs, expert witness fees, attorney's fees, and such other and further relief as the Court may deem just and proper.

## COUNT II
### Jose Caraballo Garcia v. Gandara Mental Health Center, Inc.
*Vicarious liability*

52. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in paragraphs 1 through 51 of Plaintiff's Complaint and incorporates them by reference.

53. During all times relevant hereto, Defendants, John Doe and Jacquelyne Caez, were acting in the course and scope of their employment with Defendant, Gandara Mental Health Center, Inc.

54. The Defendant, Gandara Mental Health Center, Inc., is vicariously liable for the actions of its employees, including John Doe and Jacquelyne Caez, while they were in the course and scope of their employment.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, Gandara Mental Health Center, Inc., in a reasonable amount, together with interest, costs, expert witness fees, attorney's fees, and such other and further relief as the Court may deem just and proper.

## COUNT III
### Jose Caraballo Garcia v. Gandara Mental Health Center, Inc.
*Negligent Infliction of Emotional Distress*

55. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in paragraphs 1 through 54 of the Plaintiff's Complaint and incorporates them by reference.

56. Because of Defendant, Gandara Mental Health Center, Inc.'s negligence and failures, as herein described, the Plaintiff, Jose Caraballo Garcia was caused to sustain severe emotional distress and suffering, with associated symptoms such as suicidal ideation, difficultly sleeping, uncontrollable crying, and loss of appetite, which resulted from the abuse of power and manipulation of Plaintiff, Jose Caraballo Garcia, while under Defendant, Gandara Mental Health Center, Inc.'s care, custody, and control.

57. A reasonable person would have suffered emotional distress under the circumstances in which the Plaintiff, Jose Caraballo Garcia, suffered emotional distress.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, Gandara Mental Health Center, Inc., in a reasonable amount, together with interest, costs, expert witness fees, attorney's fees, and such other and further relief as the Court may deem just and proper.

### COUNT IV
### Jose Caraballo Garcia v. Gandara Mental Health Center, Inc.
### *Breach of Fiduciary Duty*

58. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in Paragraphs 1-57 and incorporates them by reference herein.

59. The Defendant, Gandara Mental Health Center, Inc., had, and/or assumed, a duty to act for Plaintiff's benefit.

60. The Defendant, Gandara Mental Health Center, Inc., took Plaintiff into its care when it assumed the responsibility to provide treatment to individuals with psychiatric and/or substance abuse disorders

61. As Plaintiff's fiduciary, Defendant owed Plaintiff a duty of trust and loyalty.

62. Defendant breached its fiduciary duty owed to Plaintiff by allowing its agents to emotionally manipulate and sexually assault Plaintiff.

63. As a direct and proximate result of Defendant's breach of its fiduciary duty, Plaintiff suffered and will continue to suffer, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, Gandara Mental Health, Inc., in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

### COUNT V
### Jose Caraballo Garcia v. Gandara Mental Health Center, Inc.
### *Federal Fair Housing Act—Direct and Vicarious Liability*

64. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in Paragraphs 1-63 and incorporates them by reference herein.

65. Defendants' tortious acts recited above constitute violations of the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

66. Defendants' acts made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a).

67. Defendants' acts further discriminated in the terms, conditions, or privileges of the rental or sale of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b).

68. Gandara Mental Health Center, Inc. is directly liable under 24 C.F.R. § 100.7(a)(1)(i) for its own conduct that resulted in discriminatory housing practices against Jose Caraballo Garcia.

69. Gandara Mental Health Center, Inc. is directly liable under 24 C.F.R. § 100.7(a)(1)(ii) for failing to take prompt action to correct and end discriminatory housing practices by its employees and agents, Jacquelyne Caez and John Doe, where Gandara Mental Health Center, Inc. knew or should have known of the discriminatory conduct of its employees and agents.

70. Gandara Mental Health Center, Inc. is vicariously liable under 24 C.F.R. § 100.7(a)(2) for the discriminatory housing practices taken by its agents, Jacquelyne Caez and John Doe, against Plaintiff.

71. As a direct and proximate result of Defendant Gandara Mental Health Center, Inc.'s violations of the Fair Housing Act, Plaintiff suffered and will continue to suffer, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, Gandara Mental Health, Inc., in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT VI
### Jose Caraballo Garcia v. Gandara Mental Health Center, Inc.
*Breach of Covenant of Quiet Enjoyment*

72. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in Paragraphs 1-71 and incorporates them by reference herein.

73. By the acts and omissions of its agents and employees, including Jacquelyne Caez, which Defendant Gandara Mental Health Center, Inc. knew or should have known about, Defendant Gandara Mental Health Center, Inc. engaged in serious interference with Plaintiff's tenancy in Gandara's housing to the point that their acts and omissions impaired the character and value of the premises Plaintiff had a right to enjoy.

74. As a direct and proximate result of Defendant Gandara Mental Health Center, Inc.'s breach of the covenant of quiet enjoyment, Plaintiff suffered and will continue to suffer, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, Gandara Mental Health, Inc., in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

### COUNT VII
### Jose Caraballo Garcia v. Gandara Mental Health Center, Inc.
*Breach of Covenant of Good Faith and Fair Dealing*

75. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in Paragraphs 1-74 and incorporates them by reference herein.

76. By the acts and omissions of its agents and employees, including Jacquelyne Caez, which Defendant Gandara Mental Health Center, Inc. knew or should have known about, Defendant Gandara Mental Health Center, Inc. destroyed and injured Plaintiff's right to enjoy the fruits and benefits Plaintiff reasonably expected to gain from Plaintiff's agreement with Gandara.

77. As a direct and proximate result of Defendant Gandara Mental Health Center, Inc.'s breach of the covenant of good faith and fair dealing, Plaintiff suffered and will continue to suffer, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, Gandara Mental Health, Inc., in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

### COUNT VIII
### Jose Caraballo Garcia v. Jacquelyne Caez
*Negligence*

78. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in paragraphs 1 through 77 of Plaintiff's Complaint and incorporates them by reference.

79. Through her employment with Gandara Mental Health Center, Inc., Defendant, Jacquelyne Caez, owed a duty to Gandara's clients, including Plaintiff, Jose Caraballo Garcia to treat them with ordinary care and prevent the clients, including Plaintiff, from suffering greater physical and emotional harm.

80. Defendant, Jacquelyne Caez, breached that duty by committing the following negligent acts and omissions including but not limited to:

    a. Negligently and carelessly entering into an improper and unprofessional relationship with the Plaintiff during the time she acted as Plaintiff's case workers, to wit: entering into a romantic and sexual relationship with Plaintiff;

9

   b. Negligently and carelessly manipulating the emotions of the Plaintiff in order to gain control over Plaintiff;

   c. Negligently maintained or negligently failed to maintain appropriate professional boundaries with the Plaintiff;

   d. Negligently failing to report to her superiors that she began a sexual and inappropriate relationship with Plaintiff;

   e. Failing to follow policies and procedures for protection and reasonable care of patients within Gandara's care, including but not limited to Jose Caraballo Garcia;

   f. Failing to comply with such policies and procedures that has been adopted by Defendant, Gandara Mental Health Center, Inc.;

   g. Failing to provide for the protection of health, safety, well-being, and positive development of Plaintiff, while he was in the care of Defendant;

   h. Failing to ensure that the Plaintiff, Jose Caraballo Garcia, would be reasonably safe and his physical and mental health would not be jeopardized while in the care of Defendant;

   i. Such other negligent and improper action as may be discovered in the further investigation and pre-trial discovery of this matter.

81. As a direct and proximate result of Defendant, Jacquelyne Caez' negligence, the Plaintiff, Jose Caraballo Garcia, was harmed and sustained physical and emotional injuries.

82. The injuries outlined herein were caused by the negligence of Defendant, Jacquelyne Caez, and the negligence and other tortious conduct of other Defendants further alleged throughout this Complaint, and was in no manner whatsoever due to any act or failure to act of the Plaintiff, Jose Caraballo Garcia.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, Jacquelyne Caez, in a reasonable amount, together with interest, costs, expert witness fees, attorneys fees, and such other and further relief as the Court may deem just and proper.

## COUNT IX
### Jose Caraballo Garcia v. Jacquelyne Caez
*Negligent Infliction of Emotional Distress*

83. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in paragraphs 1 through 82 of the Plaintiff's Complaint and incorporates them by reference.

84. Due to Defendant's negligence and failures, as described herein, Plaintiff, Jose Caraballo Garcia, was caused to sustain severe emotional distress and suffering, including suicidal ideation, difficultly sleeping, uncontrollable crying, and loss of appetite, which resulted from the negligence of Defendant, Jacquelyne Caez.

85. A reasonable person would have suffered emotional distress under the circumstances in which the Plaintiff, Jose Caraballo Garcia, suffered emotional distress.

86. As a result of the physical and emotional abuse, the Plaintiff, Jose Caraballo Garcia, suffered severe emotional distress, including physical manifestations of said emotional distress.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, Jacquelyne Caez, in a reasonable amount, together with interest, costs, expert witness fees, attorney's fees, and such other and further relief as the Court may deem just and proper.

## COUNT X
### Jose Caraballo Garcia v. Jacquelyne Caez
*Breach of Fiduciary Duty*

87. The Plaintiff, Jose Caraballo Garcia, repeats and re-alleges the allegations contained in paragraphs 1-86 of Plaintiff's Complaint and incorporates them herein by reference.

88. The Defendant Jacquelyne Caez had, and/or assumed, a duty to act for Plaintiff's benefit.

89. Plaintiff relied on Jacquelyne Caez to protect him from harm.

90. Defendant, Jacquelyne Caez, breached her fiduciary duty to Plaintiff by engaging in an inappropriate sexual relationship with Plaintiff.

91. As a direct and proximate result of Jacquelyne Caez' breach of fiduciary duty, Plaintiff has suffered and will continue to suffer, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, demands judgment from the Defendant, Jacquelyne Caez, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT XI
### Jose Caraballo Garcia v. Jacquelyne Caez
*Federal Fair Housing Act – Quid Pro Quo Discrimination*

92. The Plaintiff, Jose Caraballo Garcia, repeats and re-alleges the allegations contained in paragraphs 1-91 of Plaintiff's Complaint and incorporates them herein by reference.

93. Defendant Jacquelyne Caez requested and demanded sexual favors from Plaintiff.

94. The requests and demands for sexual favors from Defendant Jacquelyne Caez toward Plaintiff were unwelcome, and they were directed toward Plaintiff under circumstances where Plaintiff's capacity to consent was diminished due to Plaintiff's mental condition, a condition that Defendant Jacquelyne Caez knew or should have known about.

95. Defendant Jacquelyne Caez conditioned Plaintiff's housing, and the terms, conditions or privileges thereof, on acquiescence to her requests and demands for sexual favors.

96. Defendant Jacquelyne Caez's acts made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a).

97. Defendant Jacquelyne Caez's acts further discriminated in the terms, conditions, or privileges of the rental or sale of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b).

98. As a direct and proximate result of Defendant Jacquelyne Caez's violations of the Fair Housing Act, Plaintiff suffered and will continue to suffer, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, demands judgment from the Defendant, Jacquelyne Caez, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT XII
### Jose Caraballo Garcia v. Jacquelyne Caez
*Federal Fair Housing Act – Hostile Housing Environment*

99. The Plaintiff, Jose Caraballo Garcia, repeats and re-alleges the allegations contained in paragraphs 1-98 of Plaintiff's Complaint and incorporates them herein by reference.

100. Defendant Jacquelyne Caez's unwelcome sexual solicitations, comments, threats, and others actions toward Plaintiff were severe and pervasive enough to interfere with the availability, rental, or use or enjoyment of Gandara's housing, the provision or enjoyment of services or facilities connected to that housing, and the terms and conditions of that housing under 24 C.F.R. § 100.600(a)(2).

101. Defendant Jacquelyne Caez's acts made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a).

102. Defendant Jacquelyne Caez's acts further discriminated in the terms, conditions, or privileges of the rental or sale of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b).

103. As a direct and proximate result of Defendant Jacquelyne Caez's violations of the Fair Housing Act, Plaintiff suffered and will continue to suffer, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia demands judgment from the Defendant, Jacquelyne Caez, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT XIII
### Jose Caraballo Garcia v. Jacquelyne Caez
*Breach of Covenant of Quiet Enjoyment*

104. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in Paragraphs 1-103 and incorporates them by reference herein.

105. Defendant Jacquelyne Caez engaged in serious interference with Plaintiff's tenancy in Gandara's housing to the point that her acts or omissions impaired the character and value of the premises Plaintiff had a right to enjoy.

106. As a direct and proximate result of Defendant Jacquelyne Caez's breach of the covenant of quiet enjoyment, Plaintiff suffered and will continue to suffer, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, Jacquelyne Caez, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT XIV
### Jose Caraballo Garcia v. Jacquelyne Caez
*Breach of Covenant of Good Faith and Fair Dealing*

107. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in Paragraphs 1-106 and incorporates them by reference herein.

108. Defendant Jacquelyne Caez's acts destroyed and injured Plaintiff's right to enjoy the fruits and benefits Plaintiff reasonably expected to gain from Plaintiff's agreement with Gandara.

109. As a direct and proximate result of Defendant Jacquelyne Caez's breach of the covenant of good faith and fair dealing, Plaintiff suffered and will continue to suffer, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, Jacquelyne Caez, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT XV
## Jose Caraballo Garcia v. John Doe
*Negligence*

110. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in paragraphs 1 through 109 of Plaintiff's Complaint and incorporates them by reference.

111. The Defendant, John Doe, had a duty to properly hire, train, and supervise Gandara's employees, including Defendant, Jacquelyne Caez.

112. Defendant, John Doe, breached that duty by committing the following negligent acts or omissions including but not limited to:

    a. Negligently hiring employees without conducting a proper background check;

    b. Negligently failing to train Gandara's employees to ensure they are aware of proper boundaries with clients;

    c. Negligently failing to supervise Gandara's employees, including Defendant, Jacquelyne Caez, to ensure that employees were not having an inappropriate relationship with clients;

    d. Such other negligent and improper action as may be discovered in the further investigation and pre-trial discovery of this matter.

113. As a direct and proximate result of Defendant, John Doe's negligence, the Plaintiff, Jose Caraballo Garcia was harmed and sustained physical injuries, and emotional injuries.

114. The injuries outlined herein were caused by the negligence of Defendant, John Doe, with the negligence and other tortious conduct of other Defendants further alleged throughout this Complaint, and was in no manner whatsoever due to any act or failure to act of the Plaintiff, Jose Caraballo Garcia

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, John Doe, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT XVI
### Jose Caraballo Garcia v. John Doe
*Negligent Infliction of Emotional Distress*

115. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in paragraphs 1 through 114 of the Plaintiff's Complaint and incorporates them by reference.

116. Due to Defendant's negligence and failures, as described herein, Plaintiff, Jose Caraballo Garcia, was caused to sustain severe emotional distress and suffering, which resulted from the negligence of Defendant, John Doe.

117. A reasonable person would have suffered emotional distress under the circumstances in which the Plaintiff, Jose Caraballo Garcia, suffered emotional distress.

118. As a result of the physical and emotional abuse, the Plaintiff, Jose Caraballo Garcia, suffered severe emotional distress, including physical manifestations of said emotional distress.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, John Doe, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT XVII
### Jose Caraballo Garcia v. John Doe
*Federal Fair Housing Act*

119. The Plaintiff, Jose Caraballo Garcia, restates and realleges the statements contained in Paragraphs 1-118 and incorporates them by reference herein.

120. Defendant Jacquelyne Caez's tortious acts recited above constitute violations of the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

121. Defendant Jacquelyne Caez's acts made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a).

122. Defendant Jacquelyne Caez's acts further discriminated in the terms, conditions, or privileges of the rental or sale of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b).

123. Defendant John Doe is directly liable under 24 C.F.R. § 100.7(a)(1)(ii) for failing to take prompt action to correct and end discriminatory housing practices by Jacquelyne Caez, an employee he supervised, where John Doe knew or should have known of the discriminatory conduct of by Jacquelyne Caez.

124. As a direct and proximate result of Defendant John Doe's violations of the Fair Housing Act, Plaintiff suffered and will continue to suffer, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, Jose Caraballo Garcia, prays for judgment against the Defendant, John Doe, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Respectfully Submitted,
The Plaintiff,
By his attorneys,

*/s/ Alex J. Grant, Esq.*

Alex J. Grant, Esq. BBO# 629754
Alekman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103
(413) 781-0000
(413) 827-0266 Fax
alex@alekmanditusa.com

*/s/ Laura D. Mangini, Esq*

Laura D. Mangini, Esq. BBO#: 684620
Alekman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103
(413) 781-0000
(413) 827-0266 Fax
laura@alekmanditusa.com